IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jennifer M. Martin aka Jennifer Margaret Martin aka Jennifer Margarite Martin<br>Debtor(s) | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION, (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY)<br>Movant<br>vs. | NO. 22-10950 MDC |
| Jennifer M. Martin aka Jennifer Margaret Martin aka Jennifer Margarite Martin<br>Debtor(s) | 11 U.S.C. Section 362 |
| Kenneth E. West<br>Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,007.15** which breaks down as follows;

Post-Petition Payments: May 2022 through September 2022 in the amount of $393.83/month
Fees & Costs Relating to Motion: $1,038.00
**Total Post-Petition Arrears     $3,007.15**

2. The Debtor shall cure said arrearages in the following manner:

a). Within thirty (30) days of the court approval of this Stipulation, Debtor shall file make an immediate payment to Movant in the amount of **$1,969.15**;

b). Movant shall file a Notice of Post-Petition Fees for the fees and costs related to the Motion in the amount of **$1,038.00**; these fees shall be treated outside the bankruptcy case but will be included in any payoff or default figures and shall remain due and owing until they are paid in full.

3. Debtor shall resume monthly mortgage payments to Movant beginning October 2022 and thereafter.

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 30, 2022

/s/ **Denise Carlon, Esquire**
Denise Carlon, Esquire
Attorney for Movant

Date: 10-5-22

_____
Tamika N. Wyche, Esquire
Attorney for Debtor(s)


No Objection

Date: October 6, 2022

/s/ LeeAne O. Huggins
_____
Kenneth E. West, Esquire
Chapter 13 Trustee


Approved by the Court this _____ day of _____, 2022. However, the court retains discretion regarding entry of any further order.


_____
Bankruptcy Judge
Magdeline D. Coleman